MDR

WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alfred E. Caraffa,<br><br>                Plaintiff,<br><br>v.<br><br>State of Arizona,<br><br>                Defendant. | No.  CV 21-01530-PHX-MTL (ESW)<br><br>**ORDER** |

On September 7, 2021, Plaintiff Alfred E. Caraffa,[1] who is confined in a Maricopa County Jail, filed a pro se civil rights Complaint and an Application to Proceed In Forma Pauperis. In a September 16, 2021 Order, the Court, pursuant to 28 U.S.C. § 1915(g), denied the Application to Proceed and dismissed the Complaint and this action without prejudice. The Clerk of Court entered Judgment the same day.

On September 17, 2021, Plaintiff filed a First Amended Complaint. On September 20, 2021, Plaintiff filed a Subpoena for Evidence (Doc. 8) and a "Recusal of Judge Under Conflict of Interest and Supreme Court Impeachment" (Doc. 9).

**I.     Recusal**

In her "Recusal of Judge," Plaintiff seeks recusal of the undersigned and United States Magistrate Judge Eileen S. Willet. Plaintiff claims there is a "conflict with the

---

[1] Plaintiff is housed in a male facility but uses feminine pronouns to refer to herself. The Court will do the same.

Interest of Justice" and contends she filed "Impeachment documents" in the Supreme Court of the United States against the undersigned and Magistrate Judge Willett.

Motions to disqualify or recuse a federal judge fall under two statutory provisions, 28 U.S.C. §§ 144 and 455. Under both, recusal is appropriate where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008) (quoting *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997)), *abrogated on other grounds in Simmons v. Himmelreich*, 578 U.S. 621 (2016). In nearly all cases, the source of any alleged bias must be extrajudicial. *Liteky v. United States*, 510 U.S. 540, 544-56 (1994). In *Liteky*, the Supreme Court stated:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves . . . , they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree or favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

510 U.S. at 555 (internal citation omitted). *See also Pesnell*, 543 F.3d at 1044.

Plaintiff does not allege the undersigned has an extrajudicial bias against her. Moreover, "'a judge is not disqualified by a litigant's suit or threatened suit against him, or by a litigant's intemperate and scurrilous attacks.'" *United States v. Sutcliffe*, 505 F.3d 944, 958 (9th Cir. 2007) (quoting *United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986)). The undersigned cannot conclude that the grounds advanced by Plaintiff would

cause a reasonable person with knowledge of all the relevant facts to question the impartiality of the undersigned. Thus, the Court will deny Plaintiff's Recusal of Judge.

**II.    First Amended Complaint and Subpoena for Evidence**

Because this action is closed, the Court will deny as moot the Subpoena for Evidence and will take no action on the First Amended Complaint.[2]

**IT IS ORDERED:**

(1)    Plaintiff's Subpoena for Evidence (Doc. 8) and Recusal of Judge (Doc. 9) are **denied**.

(2)    This case must remain **closed**.

Dated this 5th day of October, 2021.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge

---

[2] The Court notes that Plaintiff's allegations in the First Amended Complaint, like her allegations in the original Complaint, do not plausibly suggest she is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).